## THE FIFTH-THIRD UNION TRUST CO v COVY

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 28, 1938

Maxwell & Ramsey, Cincinnati, for appellee.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

These are appeals on questions of law from two orders made in an action to foreclose a mortgage upon a perpetual leasehold. These orders are the decree in foreclosure and the decree of confirmation. The decree in foreclosure directed the sale of the premises free of the claim of a sublease in favor of the appellant and the decree of confirmation confirmed the sale so made, and ordered the cancellation of the lease upon the records in the recorder's office.

The substantial question raised by these appeals is whether the sub-lease executed by the mortgagor after it was in default survived the sale in foreclosure.

It is conceded that ordinarily a mortgagor has no power to create an interest in the premises superior to the mortgage. The title of his transferees terminates with the termination of his title, no matter how clear the intent to the contrary may be. If the mortgagee's title is to be affected, it must be by the mortgagee's own action and not that of the mortgagor. These fundamental principles are conceded.

It is urged that the record shows that the mortgagee has authorized the creation of this leasehold with a status superior to that of its mortgage.

The terms of the mortgage deed of trust are relied upon for this assertion. The language principally relied upon, and the only language which we deem of any special significance, is this:

"And provided, further, that until default shall be made and continued by the company in payment of the principal or the interest of any of the bonds hereby secured, as hereinafter provided, or until default shall be made and continued with respect to some act or thing, obligation or agreement herein required to be done, performed or completed by the company, as herein provided, the company shall be permitted to possess, manage, operate, use and enjoy all said property, and to enjoy the income and profits thereof as if this mortgage had not been made."

The company refered to in the quotation was the mortgagor. The premises consisted of a building, the street floor of which was designed for store purposes and the upper floors for use as offices.

By the language quoted, it is argued, that the mortgagee conferred upon the mortgagor all the authority of the owner of an unincumbered perpetual leasehold to execute sub-leases, containing such terms as to rental, duration, etc., as may be agreed upon between it and sub-lessees, and that the terms thus created are indestructible by a foreclosure of the mortgage.

In the case at bar the mortgagor had been in default for about three years at the time it executed the lease to appellant. From the express language used, it would appear that whatever right, power, or authority was conferred had expired by limitation at the time the lease was executed.

The mortgagor's possession was notice that it had some right or title. The only effect of that notice was to place upon those dealing with it the duty of inquiry as to the extent of its title. 30 Ohio Jur. 230. Such inquiry would have disclosed the existence of the mortgage deed of trust. Furthermore, as the mortgage had been recorded, all persons had notice of it and its provisions by operation of the statute. That being true, the appellant knew that no matter what the power was, it ended upon default.

However, does the appellant's construction as to the extent of power conferred while operative conform to the natural import of the words used?

Bear in mind that the parties were making provisions that were to govern their conduct while the mortgage debt remained unpaid. The mortgage contained covenants, which, if observed, would result in the payment of the debt and the exting-

u shment of the mortgage, within the time stated in the mortgage. It was that period that was contemplated by the parties. And if that period was shortened by failure to fulfill the obligations by the mortgagor, then its right to occupy and enjoy would be terminated by its default. It was control during the period that the mortgagor was performing its obligations that was permitted or authorized by the mortgage. It is a strained construction that would authorize the mortgagor to create a right that would extend beyond its own right.

The appellee contends that as the sale has been completed, no supersedeas bond having been given, the question raised by the appellant has become moot, for the reason that no action by the court can affect the title of the purchaser. In passing upon this case, we have assumed, without deciding, that had the court reached the conclusion that the sub-lessee's title was superior to that of the mortgagee, the court could have decreed re-imbursement to him from those who had been unjustly enriched at his expense.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.