HAMILTON, Appellant,

v.

HECTOR, Appellee, et al.

[Cite as *Hamilton v. Hector* (1997), 117 Ohio App.3d 816.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-96-28.

Decided Jan. 27, 1997.

*Drew A. Hanna,* for appellant.

*Betts, Miller & Russo* and *Ralph D. Russo,* for appellee.

Evans, Judge.

This appeal is brought by Mary Ellen Hamilton, appellant, from a judgment of the Court of Common Pleas of Hancock County granting a motion for summary judgment in favor of appellant's brother, Dale D. Hector, appellee, in a will contest action.

Just before her death in May 1995, Althea J. Hector, mother of Mary Ellen Hamilton and Dale D. Hector, executed a will which was admitted to probate on June 15, 1995. According to the terms of the will, Mary Ellen and Dale would each receive a large lump sum of money, nearly equal in amount. Except for some smaller monetary bequests to her grandchildren, the remainder of Althea's estate was left to Dale Hector.

On October 19, 1995, Mary Ellen Hamilton filed a complaint in the Common Pleas Court of Hancock County, Probate Division, challenging the validity of her mother's will. The complaint alleged that Althea Hector lacked the testamentary capacity to make a will and also that the will was made as a result of undue influence upon Althea. Dale Hector, individually and as the executor of the estate of Althea Hector, answered the complaint on October 25, 1995, denying the allegations that the will was invalid and counterclaiming for the enforcement of an *in terrorem* clause. Hamilton filed a timely answer to the counterclaim. On May 31, 1996, Hector filed a motion for summary judgment with supporting affidavits. Hamilton responded by filing a memorandum in opposition to summary judgment with supporting affidavits on June 20, 1996. By agreement of the parties, the trial court granted partial summary judgment in favor of Hector on the issue of lack of testamentary capacity on June 24, 1996. After further reviewing all the pleadings, depositions, affidavits, and transcripts of evidence,

the trial court granted Hector's motion for summary judgment on the issue of undue influence on July 3, 1996. On August 5, 1996, Dale Hector was also granted summary judgment on his counterclaim. In its entry, the trial court declared appellant's interest in Althea Hector's will forfeited in accordance with the *in terrorem* clause.[1]

Hamilton now appeals the trial court's July 3, 1996 decision granting summary judgment on the issue of undue influence, asserting two errors for review. In her first assignment of error, appellant claims that "[t]he probate court erred in interpreting Evid.R. 804(B)(5) as barring the plaintiff from introducing any statements made by the decedent."

In her memorandum opposing summary judgment, appellant sought to have the court consider statements reportedly made by the decedent, Althea Hector, regarding her intentions for the distribution of her estate. Harriet Schwab, Althea's friend, Alice Klausing, Althea's sister, and Mary Ellen Hamilton all submitted affidavits with appellant's memorandum in opposition to summary judgment. Portions of Hamilton's affidavit included hearsay regarding Althea's intentions to distribute her estate equally between her son and daughter after death, while the affidavits of Schwab and Klausing offered speculation to the same effect. However, since these assertions attributed to Althea Hector constitute statements made by an out-of-court declarant that were offered to prove the truth of the matter asserted, they are barred by the hearsay rule unless an exception applies to allow for their admissibility. Evid.R. 802.

Evid.R. 804(B)(5) provides for certain hearsay statements to be admissible at trial if the declarant is unavailable as a witness. It is this exception that appellant tries to use to allow the hearsay statements of Althea Hector. Evid.R. 804(B)(5) describes the following hearsay exception:

"*Statement by a deceased or incompetent person.* The statement was made by a decedent * * *, where (a) the estate or personal representative of the decedent's estate * * * is a party, and (b) the statement was made before the death * * *, and (c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent * * *."

The trial court noted in its judgment entry granting summary judgment that Evid.R. 804(B)(5) would bar Mary Ellen Hamilton from introducing into evidence in her case-in-chief statements made by the decedent. This is a correct statement, since Evid.R. 804(B)(5) can be used to admit a decedent's statement only to *rebut* testimony by an adverse party on a matter within the knowledge of the decedent.

---

1. We note that appellant has not appealed the trial court's decision to uphold the *in terrorem* clause in its August 5, 1996 judgment entry.

"[T]his hearsay exception is not applicable by the party opposing the decedent. Rather, it is a hearsay exception for the declarations of a decedent which rebut testimony of an adverse party and is available only to the party substituting for the decedent." *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 167, 542 N.E.2d 654, 661, citing *Bilikam v. Bilikam* (1982), 2 Ohio App.3d 300, 305, 2 OBR 332, 336–338, 441 N.E.2d 845, 850–851; see, also, *Eberly v. A–P Controls, Inc.* (1991), 61 Ohio St.3d 27, 32, 572 N.E.2d 633, 637; *Johnson v. Porter* (1984), 14 Ohio St.3d 58, 62–63, 14 OBR 451, 454–456, 471 N.E.2d 484, 487–488.

In this case, appellee, in his capacity as executor, is the party representing the decedent. Moreover, appellant is not using the statements to rebut testimony of an adverse party. Apparently, appellant confuses her burden to rebut a motion for summary judgment with her ultimate burden at trial. Although appellant attempted to use the hearsay declarations to create a question of fact to defeat appellee's motion for summary judgment, the evidence she presents is actually necessary in fulfilling her initial burden of demonstrating a question of fact regarding undue influence for which she would bear the burden of proof at trial. It is well known that the burden of proof in a will contest lies with the contestant. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 64, 567 N.E.2d 1291, 1297–1298. As a result, the exception outlined in Evid.R. 804(B)(5) does not apply to the statements offered by appellant. We find no error in the trial court's statement pertaining to Evid.R. 804(B)(5). Therefore, appellant's first assignment of error is overruled.

Appellant's second assignment of error alleges that the probate court erred in finding, "with respect to the issue of undue influence, there is no genuine issue of material fact as to the element of susceptibility of the decedent to undue influence and the element of improper influence exerted or attempted."

Pursuant to Civ.R. 56(C), a trial court can properly grant a motion for summary judgment when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74–75, 375 N.E.2d 46, 47–48. Moreover, "upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion." *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242.

In a claim of undue influence, Ohio courts have found that a testator has been unduly influenced by another when the testator is restrained from disposing

of property in accordance with his or her own wishes and instead substitutes the wishes of another. *West v. Henry* (1962), 173 Ohio St. 498, 501, 20 O.O.2d 119, 121, 184 N.E.2d 200, 202. The contestant claiming undue influence bears the burden of demonstrating the following four elements: (1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact that improper influence was exerted or attempted, and (4) a result showing the effect of the improper influence. *West*, 173 Ohio St. at 501, 20 O.O.2d at 121, 184 N.E.2d at 202; *Krischbaum*, 58 Ohio St.3d at 65, 567 N.E.2d at 1298.

■ Appellee's motion for summary judgment demonstrated no genuine issue of fact as to at least three of these elements. First, the supporting affidavits submitted by appellee, including affidavits of Althea's friends, family, doctors, and attorney, indicate that Althea was of sound mind near the time of her death. While appellant points to Althea's deteriorated physical state and a claimed ability of Hector to influence his mother as evidence of susceptibility, the record does not support those claims. Many of the affidavits submitted by appellee noted Althea's feisty and strong-willed nature. Although cancer had affected her physically, the affidavits indicate that Althea was mentally alert and not the type of person susceptible to influence by others. Appellant's own deposition testimony did not refute these characterizations. Furthermore, appellant's own deposition described Hector as being under his mother's thumb, apparently so influenced by Althea that he was at her beck and call whenever she needed anything. This contradicts appellant's own claim that appellee had the upper hand in his relationship with Althea or that Althea was more susceptible to influence by her son than other people.

Second, while both the affidavits of appellant and appellee indicate that appellee had significant contact with Althea, assisting her in some of her daily needs, at most this demonstrates an issue of fact as to appellee's opportunity to exert influence on Althea. As appellee demonstrated in his motion for summary judgment, the record fails to show any evidence that improper influence was actually exerted or attempted. The affidavits of Althea's attorney, Robert Weaver, and his secretary, Carolyn Holl, aver that during the time Althea was at the office conferring with Weaver about her will, she appeared to be of sound mind, comprehending the nature and extent of her property and recognizing her relationship to members of her family. Weaver and Holl stated Althea was equally alert and competent during the execution of her will. Weaver noted that Althea had prepared notes regarding her wishes for her will and was even so astute as to catch and correct an error he made in the preparation of her will. Weaver, Holl, and appellee averred that although appellee made phone calls to arrange Althea's appointment with Weaver and drove her to the office, appellee

was not present during Althea's conferences with Weaver or during the execution of her will.

In her memorandum in opposition to summary judgment, appellant failed to submit any evidence demonstrating that appellee had exerted undue influence on Althea. The affidavits submitted by appellant give opinions by Harriet Schwab and Alice Klausing that it appeared to them that Althea wanted to treat her children equally and that Althea had herself expressed bitterness after being disinherited from her father's estate. These remarks do nothing to establish an issue of fact regarding whether or not Althea was unduly influenced by appellee. Nor does appellant's own testimony regarding an argument between Althea and appellee on the subject of a power of attorney show that appellee unduly influenced Althea in the making of her will. "Undue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made." *West*, 173 Ohio St. at 501, 20 O.O.2d at 121, 184 N.E.2d at 202.

Finally, appellant has presented no evidence of a result from the improper influence. Although appellant may claim that the unequal terms of the will are the result of appellee's undue influence, the record again provides contrary evidence. In addition to the lack of evidence of undue influence, the affidavit of attorney Weaver states that Althea expressed a history of problems with her daughter and that she intended to leave the bulk of her estate to her son in return for having taken care of her during her life. In appellant's own deposition she conceded that appellee took daily care Althea. Moreover, although appellant felt that her mother's equal gift-giving in the past was evidence of her intent to divide her estate equally, she admitted that she had not talked to her mother regarding the distribution of her estate at the time Althea commenced will preparations with her attorney.

As the party seeking summary judgment on the ground that appellant could not prove her case, appellee "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. * * * [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Clearly, appellant has not satisfied her burden of producing evidence of genuine issues of material fact on all elements of her claim of undue influence. We find that reasonable minds can come to only one conclusion in this case, and that conclusion is adverse to appellant. As a result, we overrule appellant's second assignment of error.

822

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.