[Cite as *Nickles v. Spisak*, 2014-Ohio-2709.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BERNADINE J. NICKELS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-P-0094** |
| JAMES A. SPISAK, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Probate Division, Case No. 2012 CV 00003.

Judgment:  Affirmed.


*Gregory A. Beck* and *Tonya J. Rogers,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH  44720 (For Plaintiffs-Appellants).

*John J. Flynn* and *Scott J. Flynn,* Flynn, Keith & Flynn, 250 South Water Street, P.O. Box 762, Kent, OH  44240 (For Defendants-Appellees).


COLLEEN MARY O'TOOLE, J.

{¶1}   Bernadine J. Nickels, John J. Spisak, Jr., Mary Yehoda, Roberta Seely, Linda Constable, and Gregory J. Renn appeal from the judgment entry of the Portage County Court of Common Pleas, Probate Division, adopting the decision of its magistrate, granting summary judgment to James A. Spisak and James J. Spisak in a dispute over the will of Dolores E. Naimy, and the trust established under it.  Appellants allege appellees, father and son, exercised undue influence over Mrs. Naimy in

obtaining various amendments to the trust, and breached their fiduciary duties to Mrs. Naimy under a power of attorney. They further allege the "no contest" provision in the 2009 amendment to the trust is invalid. Finding no error, we affirm.

{¶2} Mrs. Naimy and her late husband, Ted, resided in California, where they owned and operated L.C. Miller Company. Appellants Bernadine Nickels, John J. Spisak, Jr. (now deceased), and Mary Yehoda are siblings of Mrs. Naimy, as is appellee James A. Spisak. Appellants Roberta Seely, Linda Constable, and Gregory Renn are the children of Mrs. Naimy's deceased sister, Lillian Renn.

{¶3} After her husband's death in 1996, Mrs. Naimy took control of L.C. Miller Company, as president. In 1998, she had appellees, residents of Ohio, join the board of directors of her company. She also executed a power of attorney that year, naming James A. Spisak her attorney in fact, with James J. Spisak the first alternate. This power of attorney gave James A. Spisak authority to perform acts regarding Mrs. Naimy's estate planning and manifold business affairs.

{¶4} James R. Helms, Jr., became Mrs. Naimy's attorney in 2000. He is also counsel to L.C. Miller Company. In 2000, he drafted a will for Mrs. Naimy, the original documents for the trust subject of this dispute, and a new power of attorney. Mrs. Naimy was the trustee for her trust, with James A. Spisak the successor trustee, the executor of her will, and agent, and James J. Spisak the alternative trustee.

{¶5} Mrs. Naimy suffered from lung cancer. In 2004, she moved to Ohio. The Spisaks, father and son, helped care for her, taking her to her medical appointments. They also would take Mrs. Naimy to visit appellant Bernadine Nickels, or Mrs. Nickels to

2

see Mrs. Naimy. James A. Spisak had frequent contact with Attorney Helms about Mrs. Naimy's estate planning and business affairs.

**{¶6}** The record establishes that apart from Mrs. Nickels, appellants had little contact with Mrs. Naimy.

**{¶7}** In 2006, Attorney Helms received correspondence from Mrs. Naimy requesting changes to her trust. The correspondence was written by James A. Spisak, but signed and faxed by Mrs. Naimy, who confirmed to Attorney Helms by telephone that the desired changes were hers.

**{¶8}** In February 2009, Attorney Helms received further correspondence, written by James A. Spisak, and signed by Mrs. Naimy, requesting more changes to her trust. These included the addition of a no contest clause to the trust, revoking any distribution to a beneficiary who attempted to contest it. Mrs. Naimy confirmed to Attorney Helms over the phone that the changes were hers.

**{¶9}** Mrs. Naimy died at the age of 86 in November 2011.

**{¶10}** May 17, 2012, appellants filed their initial complaint. Appellees answered and counterclaimed June 21, 2012. The counterclaim sought a declaration from the trial court that the 2009 amendment to the trust was valid, including the no contest clause. November 30, 2012 appellants filed an amended complaint. August 16, 2013, appellees moved for summary judgment. By a decision filed October 16, 2013, the trial court's magistrate granted summary judgment on the amended complaint to appellees, and declared the 2009 amendment to the trust – specifically the no contest clause – valid. The trial court adopted the magistrate's decision October 17, 2013.

3

{¶11} This appeal timely ensued, appellants assigning three errors. The first reads:

{¶12} "The trial court committed prejudicial error in granting the Defendant-Appellees' motion for summary judgment finding that there exists no genuine issue of material fact as to the claim of undue influence when there is conflicting testimony among the family members as to the Delores E. Naimey's opinion of James A. Spisak and James J. Spisak, her feeling that she was obliged to comply with James A. Spisak's demands for fear of being left alone, was depressed, did not agree with how James A. Spisak and James J. Spisak handled her money, and was easily influenced in her decision-making by James A. Spisak and James J. Spisak."

{¶13} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶14} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable

4

inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, * * * (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶15} In support of their first assignment of error, appellants argue that appellees exercised undue influence over Mrs. Naimy in obtaining the various amendments to her trust. They argue she was afraid of being left alone if she did not obey them, and imply her physical frailties were such that she depended on them to run her affairs.

{¶16} The magistrate found, and we agree, that nothing in the record supports these arguments.

{¶17} A will and trust admitted to probate are presumed valid. *Kryder v. Kryder*, 9th Dist. Summit No. 25665, 2012-Ohio-2280, ¶29. "''A presumption arises from the order of admission of the will to probate that the testator was free from restraint. The burden of proving undue influence is upon the contestants (* * *).''" *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 64, 567 N.E.2d 1291 (1991), quoting *West v. Henry,* 173 Ohio St. 498, 502, 184 N.E.2d 200 (1962*)* (construing former R.C. 2741.45, substantively similar language currently set forth in R.C. 2107.74)." *Id.* "The essential elements of undue influence are a susceptible testator, another's opportunity to exert it, the fact of improper

5

influence exerted or attempted, and the result showing the effect of such influence." *West, supra*, at 501.

**{¶18}** Nothing in the record indicates that Mrs. Naimy was susceptible. Attorney Helms indicated she was strong minded, and absolutely in control over her affairs. David Vito, the chief executive officer of L.C. Miller Company, said the same. The record indicates she continued to attend to her various financial affairs literally until the day she died. None of the appellants could testify as to a single episode, within their personal knowledge, of either appellee exercising undue influence over her.

**{¶19}** Appellants rely on various statements they allege Mrs. Naimy or her late husband, Ted, made to them over the years. This issue was dealt with fully by the court in *Hamilton v. Hector*, 117 Ohio App.3d 816 (3d Dist.1997):

**{¶20}** "Evid.R. 804(B)(5) provides for certain hearsay statements to be admissible at trial if the declarant is unavailable as a witness. It is this exception that Appellant tries to use to enter the hearsay statements of Althea Hector. Evid.R. 804(B)(5) describes the following hearsay exception:

**{¶21}** "*Statement by a deceased or incompetent person.* The statement was made by a decedent (* * *), where (a) the estate or personal representative of the decedent's estate (* * *) is a party, and (b) the statement was made before the death (* * *), and (c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent (* * *).

**{¶22}** "The trial court noted in its judgment entry granting summary judgment that Evid.R. 804(B)(5) would bar Mary Ellen Hamilton from introducing into evidence in her case-in-chief statements made by the decedent. This is a correct statement since

6

Evid.R. 804(B)(5) can only be used to admit a decedent's statement to *rebut* testimony by an adverse party on a matter within the knowledge of the decedent.

{¶23} "This hearsay exception is not applicable by the party opposing the decedent. Rather, it is a hearsay exception for the declarations of a decedent which rebut testimony of an adverse party and is available only to the party substituting for the decedent. *Testa v. Roberts* (1988), 44 Ohio App. 3d 161, 167, * * * citing *Bilikam v. Bilikam (*1982), 2 Ohio App. 3d 300, 305, * * *. See also, *Eberly v. A-P Controls, Inc.* (1991), 61 Ohio St. 3d 27, 32, * * *; *Johnson v. Porter* (1984), 14 Ohio St. 3d 58, 62-63, * * *." (Emphasis sic.) (Parallel citations omitted.) *Hamilton, supra*, at 818-819.

{¶24} In this case, James A. Spisak is Mrs. Naimy's executor and successor trustee: he represents her. None of the alleged statements relied on by appellants to the effect Mrs. Naimy feared Mr. Spisak and his son are competent, admissible evidence.

{¶25} The first assignment of error lacks merit.

{¶26} The second assignment of error reads:

{¶27} "The trial court committed prejudicial error in granting the Defendant-Appellees' motion for summary judgment based upon its opinion that a jury could arrive at only one conclusion on Plaintiffs-Appellants' claims that James A. Spisak and James J. Spisak breached their fiduciary duty when they possessed Delores E. Naimey's Power of Attorney for thirteen years and were named on joint-accounts with Delores E. Naimey and received numerous benefits while they held this fiduciary relationship."

{¶28} Appellants note that James A. Spisak was given Mrs. Naimy's power of attorney as early as 1998, and that various joint accounts existed, established by Mrs. Naimy with appellees. They argue this raises a presumption of undue influence, which appellees failed to rebut.

{¶29} "'The holder of a power of attorney has a fiduciary relationship with the principal. The relationship is "one in which a special confidence and trust is reposed in the integrity and fidelity of another (* * *) by virtue of this special trust." *Stone v. Davis* (1981), 66 Ohio St. 2d 74, * * *. The person who holds the power of attorney bears the burden of proof on the issue of the fairness of the transaction. *Testa v. Roberts* (1988), 44 Ohio App. 3d 161, * * *. When a fiduciary relationship exists between a creator of a joint and survivorship account and a surviving beneficiary, there is a suspicion that the transaction resulted from undue influence, and a presumption of undue influence arises. See *In re Scott* (1996), 111 Ohio App. 3d 273, * * *; *Studniewski v. Krzyzanowski* (1989), 65 Ohio App. 3d 628, * * *. Once this presumption arises, the burden of going forward with evidence shifts to the beneficiary to show that his conduct has been free of undue influence or fraud. *Studniewski, supra.* The beneficiary must rebut the presumption by a preponderance of the evidence. *Krischbaum v. Dillon* (1991), 58 Ohio St. 3d 58, * * *." (Parallel citations omitted.) *In re Estate of McCauley*, 5th Dist. Stark No. 2011CA00272, 2012-Ohio-4709, ¶21.

{¶30} In this case, any presumption of undue influence established by the existence of the powers of attorney and the joint bank accounts was fully rebutted. Attorney Helms stated that he used the power of attorney to discuss Mrs. Naimy's affairs with James A. Spisak, but that she always had the final say in any matter. There

8

is nothing in the record indicating that James A. Spisak ever used the power of attorney to carry out Mrs. Naimy's affairs on his own. The evidence in the record indicates that neither appellee accessed the funds in the joint accounts.

**{¶31}** The second assignment of error lacks merit.

**{¶32}** The third assignment of error reads:

**{¶33}** "The trial court committed prejudicial error when it determined that the 2009 Amendment to the Delores E. Naimey Trust was valid and thus enforced the *in terrom* provision which prohibits the Appellants from receiving any distribution from the Delores E. Naimey Trust when genuine issues of material fact remain as to the validity of the 2009 Amendment."

**{¶34}** In support of this assignment of error, appellants argue that James A. Spisak actually drafted the 2009 amendment to the trust, and the shares of Mrs. Naimy's estate going to him or his son increased under those amendments. They imply the no contest provision included in the 2009 amendment is simply a device foisted by appellees on Mrs. Naimy to prevent any diminution in their portion of her fortune.

**{¶35}** No contest clauses in wills and other testamentary documents are valid in Ohio, and strictly enforced. *Modie v. Andrews*, 9th Dist. Summit No. 21029, 2002-Ohio-5765, ¶6-22. Regarding all of the changes wrought by the 2009 amendment to the trust, including the no contest clause, Attorney Helm specifically checked with Mrs. Naimy to determine whether they were her will, and she answered affirmatively.

**{¶36}** The third assignment of error lacks merit.

9

{¶37} The judgment of the Portage County Court of Common Pleas, Probate Division, is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.

concur.