[Cite as *Plank v. Bellefontaine*, 2017-Ohio-8623.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

CHRISTOPHER PLANK,
ADMINISTRATOR OF THE
ESTATE OF MONICA PLANK,

     PLAINTIFF-APPELLEE,               CASE NO.  8-17-18

     v.

CITY OF BELLEFONTAINE, ET AL.,         O P I N I O N

     DEFENDANTS-APPELLANTS.

Appeal from Logan County Common Pleas Court
Trial Court No. CV 16 02 0040

**Judgment Reversed and Cause Remanded**

Date of Decision:   November 20, 2017

APPEARANCES:

    *Keona R. Padgett* **for Appellants**

    *Jeff Ratliff* **for Appellee**

Case No. 8-17-18

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant, the City of Bellefontaine and the City of Bellefontaine Water Department, (hereafter referred to as "Appellant")[1] appeal the June 28, 2017 Judgment Entry of the Logan County Common Pleas Court denying its motion for summary judgment in a negligence lawsuit. For the reasons that follow, we reverse the judgment of the trial court.

*Facts and Procedural History*

{¶2} In the early morning hours of February 16, 2014, Christopher Plank, ("Christopher" or "Appellee") Plaintiff-Appellee, and his wife, Monica Plank ("Monica"), were with friends at the Route 68 Grill in Bellefontaine, Ohio. Around 1 a.m., Monica became upset and decided to leave the Route 68 Grill, by herself, to return to the Comfort Inn in Bellefontaine, Ohio, where she and Christopher were staying. When Christopher saw that Monica had left the Route 68 Grill, he paid their tab and started out on foot to follow Monica. While walking north on South Main Street in Bellefontaine, Monica chose to walk in the street because the sidewalk was covered with snow. Christopher, who was also in the street, was following behind Monica. While walking in the street, Monica was struck by a vehicle and killed in the vicinity of 917 South Main Street in Bellefontaine. The

---

[1] For purposes of this appeal, the City of Bellefontaine Water Department, and the property that the Water Department occupies, are both owned by the City of Bellefontaine. Consequently, we refer to Appellant in the singular.

building located at 917 South Main Street was the City of Bellefontaine Water Department, which was owned and operated by the City of Bellefontaine. The sidewalk in front of the Water Department Building had not been cleared of snow at the time Monica was struck and killed.

{¶3} On February 16, 2016, Christopher filed a wrongful death action in the Logan County Court of Common Pleas naming the City of Bellefontaine, the City of Bellefontaine Water Department, and Danny L. Levan and Loretta A. Levan[2] as defendants. (Doc. No. 1). In his complaint, Christopher alleged that as a result of the plowing of roads by city employees, there was a severe and unnatural accumulation of snow and ice on the sidewalk in front of the Bellefontaine City Water Department Building, and that unnatural accumulation of snow and ice on that sidewalk forced Monica to walk in the street, and proximately caused her death. (*Id.*).

{¶4} Christopher's lawsuit also cited Bellefontaine City Code Section 521.06, which provided that it was the duty of the owner or occupant of each and every parcel of real estate in the City of Bellefontaine to the keep the sidewalk abutting his or her premises free and clear of snow and ice and to remove therefrom all snow and ice within a reasonable time. (*Id.*). Further, Christopher's wrongful death complaint alleged that the City of Bellefontaine and the City of Bellefontaine

---

[2] Danny L. Levan and Loretta A. Levan, owners of property located at 909 South Main Street in Bellefontaine, Ohio were voluntarily dismissed without prejudice by Appellee on May 13, 2016. (Doc. No. 30).

Water Department violated the city code, and negligently allowed unsafe and dangerous conditions to exist on the sidewalk after a reasonable time, which forced Monica to walk in the street. (*Id.* at 5). The wrongful death complaint alleged that Monica died as a direct and proximate result of Appellant's negligence. (*Id.*).

{¶5} On March 10, 2016, Appellant filed its answer denying negligence and asserting multiple defenses to Appellee's claim, including political subdivision immunity. (Doc. No. 15).

{¶6} On May 10, 2017, Appellant filed its Motion for Summary Judgment in the trial court. (Doc. No. 78). In its motion, Appellant asserted that summary judgment was appropriate as a matter of law because it is a political subdivision, engaged in a governmental function, and was entitled to immunity under R.C. Chapter 2744 as a matter of law. (*Id.* at 7). On June 2, 2017, Appellee filed a response to Appellant's motion, asserting that summary judgment was not appropriate because material questions of fact exist and that Appellant was not immune under R.C. 2744.02(B). (Doc. No. 116).

{¶7} On June 28, 2017, the trial court issued its Judgment Entry on Appellant's motion for summary judgment. (Doc. No. 127). The trial court held:

> Plaintiff's decedent, Monica Plank, was killed on South Main Street, Bellefontaine on February 15, 2014 in front of the premises owned by the City of Bellefontaine as part of its city water department (917 South Main Street) and the Levans at 909 South Main Street. The deceased [sic] while walking north on Main Street was struck by an automobile and died from those injuries sustained in that impact.

-4-

Plaintiff's complaint alleges that but for the negligence of the city the Plaintiff would not have had to walk in the street. The city in its defenses and in its motions alleges numerous defenses. The Court finds, however, that under Plaintiff's complaint the city may be liable under the proprietary function exception to government immunity contained in R.C. 2744.02(B)(2). By definition the establishment, maintenance and operation of a water supply system is a proprietary function, R.C. 2744.01(G)(2)(c). The Court finds under the theory of liability and that exception of governmental immunity there are many genuine issues of material fact. Among them are whether the snow on the Defendant's sidewalk was a natural accumulation or a man-made accumulation, whether the Defendant's negligence, if any, was the proximate cause of decedent's death, and whether the deceased's conduct (assumption of risk) was comparatively more negligent than the city's. It is therefore **ORDERED** that the Defendant' [sic] motion for summary judgment be, and hereby is denied.

(*Id.*).

**{¶8}** From this Judgment Entry Appellant appeals pursuant to R.C. 2744.02(C),[3] and presents the following sole assignment of error for our review:

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY DENYING POLITICAL SUBDIVISION IMMUNITY TO THE CITY OF BELLEFONTAINE AND THE CITY OF BELLEFONTAINE WATER DEPARTMENT BECAUSE THEY ARE ENTITLED TO A GENERAL GRANT OF IMMUNITY, NONE OF THE EXCEPTIONS UNDER R.C. 2744.02(B) APPLY TO BAR IMMUNITY, AND, EVEN IF AN EXCEPTION APPLIES, THREE DEFENSES ESTABLISH NON-LIABILITY.**

---

[3] While a denial of a motion for summary judgment is generally not a final appealable order, R.C. 2744.02(C) specifically allows that an order denying a political subdivision the benefit of an alleged immunity from liability as provided in R.C. Chapter 2744 is a final order. R.C. 2744.02(C).

**{¶9}** On appeal, Appellant presents three issues for this Court to review: (1) whether the City of Bellefontaine and the City of Bellefontaine Water Department are a political subdivision entitled to a grant of immunity; (2) whether any of the exceptions under R.C. 2744.02(B), including the exception regarding negligent performance of a proprietary function apply, removing immunity in a case regarding the maintenance of a sidewalk; and (3) whether, even if one of the exceptions under R.C. 2744.02 does apply, R.C. 2744.03 is applicable to establish Appellant's non-liability. For the reasons that follow, we sustain Appellant's assignment of error and reverse the judgment of the trial court.

### *Standard of Review*

**{¶10}** An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus,* 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15 (3rd Dist.). Trial courts may grant a motion for summary judgment when "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Hamilton v. Hector,* 117 Ohio App.3d 816, 819, 691 N.E.2d 745, 747 (3rd Dist.1997). Additionally, "'upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party

opposing the motion.'" *Id.* quoting *Campbell v. Hosp. Motor Inns, Inc.,* 24 Ohio St.3d 54, 58, 493 N.E.2d 239 (1986).

*Analysis*

**{¶11}** The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, governs political subdivision liability and immunity. *See generally, Vacha v. N. Ridgeville,* 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 12. In Ohio, courts apply a three-tiered analysis to determine whether a political subdivision is entitled to immunity under R.C. Chapter 2744. *State ex rel. Rohrs. v. Germann,* 3rd Dist. Henry No. 7-12-21, 2013-Ohio-2497, ¶ 28. "First, the court must determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or a proprietary function." R.C. 2744.02(A)(1); *Brady v. Bucyrus Police Dept.,* 194 Ohio App.3d 574, 2011-Ohio-2460, 957 N.E.2d 339, ¶ 44 (3rd Dist.). "In the second tier of analysis, R.C. 2744.02(B) provides five exceptions that may lift the broad immunity provided for in R.C. 2744.02(A)." *Jones v. Delaware City School Dist. Bd. of Edn.,* 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 19 (5th Dist.). And "'[f]inally, under the third tier of analysis, immunity can be reinstated if the political subdivision can successfully argue that any of the defenses contained in R.C. 2744.03 applies.'" *McNamara v. Marion Popcorn Festival,* 2012-Ohio-5578, 983

N.E.2d 818, ¶ 21 (3rd Dist.) quoting *Hortman v. City of Miamisburg,* 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 12.

*Tier I - Political Subdivision Analysis*

**{¶12}** Initially, we must determine whether the City of Bellefontaine/City of Bellefontaine Water Department is a political subdivision and whether Monica's alleged harm occurred in connection with either a governmental or proprietary function.

**{¶13}** In determining whether an entity is a political subdivision, we must look to R.C. 2744.01(F), which defines a political subdivision, in its pertinent part, as follows: "* * * a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. * *  *." R.C. 2744.01(F). In this case it is undisputed that the City of Bellefontaine is a political subdivision pursuant to R.C. 2744.01(F). *See Brady* at ¶ 45 (finding that the City of Bucyrus was a political subdivision after satisfying R.C. 2744.01(F)). Further, the parties do not dispute that the City of Bellefontaine is the owner of the land upon which the City of Bellefontaine Water Department Building sits. Thus, we find that the City of Bellefontaine and the City of Bellefontaine Water Department to be a political subdivision.

{¶14} Next, under this first tier analysis, we must determine if the alleged harm (to Monica) occurred in connection with either a governmental or a proprietary function. Relevant to this appeal, R.C. 2744.01(C)(2)(e) defines a "governmental function" as:

> A "governmental function" includes, but is not limited to, the following: *[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets*, avenues, alleys, *sidewalks*, bridges, aqueducts, viaduct, and public grounds.

(Emphasis added). R.C. 2744.01(C)(2)(e). And, with respect to a proprietary function, R.C. 2744.01(G)(2)(c) defines a "proprietary function" as:

> A "proprietary function" includes, but is not limited to, the following: *[t]he establishment, maintenance, and operation of a utility*, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, *and a municipal corporation water supply system.*

(Emphasis added). R.C. 2744.01(G)(2)(c).

{¶15} Appellant asserts that because Appellee contends that the plowing of snow on a street and the maintenance (or lack thereof) of its sidewalk was the proximate cause of Monica's death, the harm Monica incurred was in connection to a governmental function. We agree. The First District Court of Appeals reasoned in *Evans v. Cincinnati,* that "the statute in question [R.C. 2744.01] explicitly provides that to be proprietary, an activity must not be listed as governmental. * * * Sidewalk maintenance and regulation is specifically listed as governmental." *Evans v. Cincinnati,* 1st Dist. Hamilton No. C-120726, 2013-Ohio-2063, ¶ 12. *See also,*

*Wilson v. Cleveland,* 2012-Ohio-4289, 979 N.E.2d 356, ¶ 15 (8th Dist.) (holding that the maintenance of a sidewalk is a governmental function, and as a governmental function, the exception under R.C. 2744.02(B)(2) does not apply). In the case before us, Appellee alleged in his complaint that the City of Bellefontaine breached its duty to keep the sidewalk clear of a dangerous condition that it created, (i.e. excess snow on the sidewalk from plowing) which was the proximate cause of Monica's death. As such, and similar to the holdings of our sister districts in *Evans* and *Wilson,* we find that the maintenance of streets and sidewalks by a city is a governmental, not a proprietary function.

{¶16} Nevertheless, Appellee argues that the trial court properly held that the "city may be liable under the proprietary function exception to governmental immunity contained in R.C. 2744.02(B)(2)," because the City owned and operated the Water Department Building that abutted the sidewalk in question. However, we find such analysis misplaced because the harm suffered (by Monica) must have a greater nexus to a proprietary function for this exception to apply. In support of this we are directed to *Calet v. East Ohio Gas Company,* wherein the 9th District Court of Appeals affirmed the trial court's denial of a motion for summary judgment filed on behalf of the City of Akron, finding that there were genuine issues of material fact that rendered summary judgment inappropriate. *Calet v. E. Ohio Gas Co.,* 2017-Ohio-348, 83 N.E.3d 218, ¶¶ 14-16 (9th Dist). The Plaintiff in *Calet* suffered

injuries resulting from falling into a hole in a city sidewalk. *Id.* at ¶ 15. "A supervisor for the City's Water Distribution Division identified the sidewalk hole as a 'water curb box' and explained that [the hole] contained a valve used by the city to control water service to that location." *Id.* Based on those facts, the 9th District Court of Appeals reasoned that there was a logical nexus between the City of Akron and its proprietary function of maintaining and operating a municipal corporation water supply system, pursuant to R.C. 2744.01(G)(2)(c), and the resulting harm to the Plaintiff. *Id.* at ¶ 16.

{¶17} In the case before us, there is no evidence to support that the City of Bellefontaine's proprietary function of maintaining and operating its water department (pursuant to R.C. 2744.01(G)(2)(c)) was the proximate cause of Monica's harm. Rather, as pled in Appellee's complaint, the "severe accumulation of snow and ice [on the sidewalk] was such that it created an obstruction upon the sidewalks * * * and forced Monica Plank to walk in the street * * *" and caused such harm. (Doc. No. 1 at ¶ 16). Moreover, the record does not support that the City of Bellefontaine's operation or management of its Water Department had any nexus to Monica's harm other than the fact that the Water Department Building was located on the land that contained the sidewalk that abutted the street where she was killed. Thus, we are unpersuaded that the plowing of the street and/or maintenance

of the sidewalk located in front of the City of Bellefontaine Water Department Building constituted a proprietary function in this case.

*Tier II - Exceptions to General Immunity*

**{¶18}** Next, we must determine whether any of the five exceptions under R.C. 2744.02(B) lift the general grant of immunity afforded to a political subdivision. Appellant argues that none of the exceptions contained in R.C. 2744.02(B) apply to the case before us, while Appellee argues that R.C. 2744.02(B)(2) and R.C. 2744.02(B)(5)[4] remove the general presumption of statutory immunity set forth in R.C. 2744.01(A)(1). As an initial matter, our analysis under this tier will be limited to R.C. 2744.02(B)(2) and (B)(5), as neither party asserts that the exceptions found under R.C. 2744.02(B)(1); (B)(3); or (B)(4) apply.

**{¶19}** Analyzing each exception at issue, R.C. 2744.02(B)(2) provides as follows:

> Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts

---

[4] In its Judgment Entry, the trial court specifically found that the City may be liable under the proprietary function exception to government immunity contained in R.C. 2744.02(B)(2). (Doc. No. 127 at 2).

by their employees with respect to *proprietary functions* of the political subdivisions.

(Emphasis added).  R.C. 2744.02(B)(2).

**{¶20}** To determine whether the R.C. 2744.02(B)(2) exception applies, we must look at the particular function at issue.  As this Court has previously held, "the central issue resolves to whether the action for which the plaintiff seeks to hold the political subdivision liable is a part of a governmental function or part of a proprietary function." *Main v. Lima,* 3rd Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 17 citing *Scott v. Columbus Dept. of Pub. Utils.,* 192 Ohio App.3d 465, 2011-Ohio-677, 949 N.E.2d 552, ¶ 11 (10th Dist.) citing *Burns v. Upper Arlington,* 10th Dist. No. 06AP-680, 2007-Ohio-797, 2007 WL 589111, ¶ 10, 12.  In this case, even though the trial court specifically found that a material issue of fact existed regarding the City's performance of a proprietary function, (i.e. the maintenance and operation of a Water Department) the record does not establish a nexus between Monica's harm (being forced to walk on the road due to the plowing of snow and ice on the sidewalk) and any service offered by the Water Department.  The function for which the Appellee seeks to hold the political subdivision liable (maintenance of sidewalks and streets) is decidedly a part of its governmental functions through its maintenance of its streets and sidewalks.  As such, we find that R.C. 2744.02(B)(2) does not apply herein to remove the general presumption of statutory immunity set forth in R.C. 2744.01(A)(1).

-13-

**{¶21}** Further, while not analyzed by the trial court, the Appellee alleges that the R.C. 2744.02(B)(5) exception applies and removes the general presumption of statutory immunity contained in R.C. 2744.01(A)(1). R.C. 2744.02(B)(5) states:

> Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

R.C. 2744.02(B)(5). Appellant disagrees and asserts that no provision of the Revised Code exists to impose liability on the City pursuant to R.C. 2744.02(B)(5). Nevertheless, in our *de novo* review of the record, we find Appellee's reliance on Bellefontaine City Codes 521.06 and 905.09 misplaced. Appellee argues that the Revised Code created a statutory mechanism for the City Code to impose liability. Specifically, R.C. 723.011 states:

> The legislative authority of a municipal corporation, in addition to the powers conferred by sections 729.01 to 729.10, inclusive, of the Revised Code, may require, by ordinance, by the imposition of

suitable penalties or otherwise, that the owners and occupants of abutting lots and lands shall keep the sidewalks, curbs, and gutters in repair and free from snow or any nuisance.

R.C. 723.011.

{¶22} We agree (with Appellee) that the City used R.C. 723.011 to enact two city ordinances regarding the maintenance and repair of sidewalks, including the removal of snow and ice. However, we disagree with Appellee's reliance on Bellefontaine City Code 521.06, which provides:

(a)   No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free of any nuisance.

(b)   It shall be the duty of the owner or occupant of each and every parcel of real estate in the City abutting upon any sidewalk to keep such sidewalk abutting his or her premises free and clear of snow and ice and to remove therefrom all snow and ice accumulated thereon within a reasonable time.  "Reasonable time" means removal of the snow and ice within twenty-four hours after the most recent accumulation of ice or snow or within twenty-four hours after adequate notice, whether oral or written, has been served upon the owner or occupant or posted in writing at the main entrance of the premises.

(c)   Whoever violates this section is *guilty of a minor misdemeanor.*

(Emphasis added).  Bellefontaine City Code 521.06.  The immunity exception set forth in R.C. 2744.02(B)(5) states: "[c]ivil liability shall not be construed to exist * * * merely because * * * that section provides for a criminal penalty."  Thus, Appellee's attempt to create an exception based upon a city ordinance that imposes a criminal penalty is contrary to the plain reading of R.C. 2744.02(B)(5).

Accordingly, we find Appellee's argument regarding Bellefontaine City Code 521.06 is without merit.

{¶23} As to the second city ordinance cited by Appellee, Bellefontaine City Code 905.09, states as follows:

(a)   Every owner, occupant, lessee, person or agent having charge, control or ownership or any tenement, building, lot or land fronting on any avenue, street, alley, road or other public highway of the City is charged with the construction, maintenance and repair of the necessary sidewalks, or parts thereof located upon such lot or land, within the limits of the City, and such owner, occupant, person or agent shall be liable in money damages to any person, who, *while in lawful use of such sidewalks*, sustains an injury to person or damages to property, by reason of the failure of such owner, lessee, occupant, person or agent in charge, to maintain the sidewalk in good repair and free from any defect.

(b)   If by reason of the failure of such owner, occupant, lessee, person or agent in charge, as referred to in subsection (a) above, to maintain the sidewalk in good repair free of any defect, a claim is made or a money judgment obtained against the City, by any person sustaining injury for failure to repair to maintain a sidewalk free of any defect, the owner, occupant, lessee, person or agent in charge, shall be liable to and reimburse the City for all money paid by the City on any claim made or judgment obtained against the City, by any person injured by reason thereof.

(Emphasis added).  Bellefontaine City Code 905.09.  While Bellefontaine City Code 905.09 does impose civil liability for the failure to maintain a sidewalk, it also provides that such liability attaches only when an injury occurs while a person is in lawful use of said sidewalk.  In the case before us, the record reveals that Monica was *not* using the sidewalk when she was injured – rather, Monica was struck by a

-16-

vehicle *while walking in the road.* (*See* Doc. No. 1 at 4). As such, we find Appellee's reliance on R.C. 2744.02(B)(5) unpersuasive, and that no exception exists under the facts presented to remove the City's general grant of immunity under 2744.02(B)(5).

*Tier III – Defenses to Exceptions Found in R.C. 2744.03*

**{¶24}** Under the third tier of analysis, a political subdivision can reinstate immunity by successfully arguing that any of the defenses contained in R.C. 2744.03 applies. However, such analysis is not required in this case because, as we have held above, the City of Bellefontaine is a political subdivision and is entitled to a grant of immunity and none of the exceptions to City's grant of immunity apply. As such, analysis of the third tier is unnecessary. Thus, we find that the trial court erred as a matter of law by denying Appellant's motion for summary judgment.

**{¶25}** Accordingly, we sustain the Appellant's sole assignment of error. Having found error prejudicial to the Appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court, and remand the cause for proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**