[Cite as *Bank of New York Mellon v. Primes*, 2018-Ohio-1833.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105678

---

# BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

# MARVIN D. PRIMES, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-838851

**BEFORE:** Stewart, P.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEYS FOR APPELLANTS**

Marc E. Dann
William C. Behrens
The Dann Law Firm, Co., L.P.A.
P.O. Box 6031040
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

Brooke D. Turner-Bautista
Stefanie Deka
McGlinchey Stafford, P.L.L.C
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122

Justin M. Ritch
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, OH 43216

**Also Listed:**

Keybank National Association
127 Public Square
Cleveland, OH 44114

MELODY J. STEWART, P.J.:

**{¶1}**  The Bank of New York Mellon brought this action on a promissory note along with a demand to foreclose on real property owned by defendants-appellants Marvin and Vicky Primes.  The court approved a magistrate's decision granting summary judgment on the note and foreclosure, overruling the Primeses' objections that (1) an affidavit offered by the bank to prove its standing to enforce the note had not been made on personal knowledge, and (2) that the magistrate erred by finding that the Primeses lacked standing to challenge the transfer of the mortgage from the original mortgagee to the bank.   The Primeses raise these same issues on appeal.

## I. Personal Knowledge

**{¶2}** The bank supported its motion for summary judgment by appending the affidavit of a loan analyst for the company that serviced the Primeses' loan.  The affidavit stated that a copy of the note appended to the motion was a true and accurate copy of the note.  Despite the loan analyst stating that he "personally reviewed" documents, including the promissory note, the Primeses maintain that the analyst could not have personal knowledge of the note because he worked for the parent company of the loan servicing company.

**{¶3}** An affidavit submitted in support of a motion for summary judgment must be made on "personal knowledge."   "Personal knowledge" in this context means "knowledge gained through firsthand observation or experience, as distinguished from a

belief based upon what someone else has said." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707.

> Where an affiant indicates that he or she is an employee of the bank, his or her job duties include the supervision of the loan, he or she has personal knowledge of the loan, and he or she is the records custodian of the records relating to the mortgage and line of credit at issue, the affidavit complies with Civ.R. 56(E).

*Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 32.

{¶4} The affiant stated that he is employed as a loan analyst for Ocwen Financial Corporation, whose "indirect subsidiary is Ocwen Loan Servicing, L.L.C." He stated that Ocwen Loan Servicing is the "servicer and attorney-in-fact" for the bank and maintains the records of the Primeses' loan that he examined when preparing the affidavit. The Primeses argue that a question of fact exists as to whether the loan analyst, as an employee of Ocwen Financial, had personal knowledge of the records of Ocwen Loan Servicing.

{¶5} No question of fact exists. The loan analyst stated both that he was a loan analyst at Ocwen Financial and that he was "a Loan Analyst for Ocwen Loan." As the nonmoving party, the Primeses were required to offer *evidence* to rebut the loan analyst's assertions, not just mere denials. *See* Civ.R. 56(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that

there is a genuine issue for trial."). The Primeses offer no evidence in rebuttal, but argue that the loan analyst's statements about working for both Ocwen Financial and Ocwen Loan Servicing were "self-rebutting."

{¶6} There is nothing so inherently contradictory about the loan analyst's statements that they create a question of fact. It is possible that the corporate structure of the two entities was such that the loan analyst worked for both Ocwen Financial and Ocwen Loan Servicing. And even if the loan analyst did not actually work for Ocwen Loan Servicing, the nature of the subsidiary relationship between Ocwen Loan Servicing and Ocwen Financial could be close enough that the loan analyst could truthfully state that he has "personal knowledge of Ocwen Loan's procedures for creating and maintaining these records[,]" and that he "personally reviewed" the loan records, including the promissory note. The Primeses could not merely assert a denial — they had the duty to offer evidence in rebuttal. Their failure to do so means that the court did not err by accepting the loan analyst's affidavit as proof that the bank was in possession of the note.

## II. Standing

{¶7} The Primeses filed a counterclaim alleging that the bank was attempting to collect on a debt that it did not own and that it was not a valid assignee of the mortgage. The court relied on our decision in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, to hold that the Primeses lacked standing to challenge the assignment of the mortgage because the transfer of the note created an

equitable transfer of the mortgage and the bank is the holder of a note indorsed in blank with the right to enforce it.

{¶8} The Primeses argue that our cases finding that issuers of promissory notes lack standing to challenge alleged defects in the transfer or assignment of a mortgage erroneously follow *Livonia Properties Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 399 Fed.Appx. 97 (6th Cir.2010), in which the Sixth Circuit held that an individual "who is not a party to an assignment lacks standing to challenge that assignment." They contend that the Sixth Circuit has limited this holding and that the Ohio Supreme Court decision in *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, holding that a foreclosure plaintiff must prove that it is a party entitled to enforce the note and is a valid assignee of the mortgage, means that defendants must have standing to challenge that proof.

{¶9} Neither decision affects this case. As commonly used, the word "mortgage" encompasses two separate instruments: a promissory note and a security instrument. The security instrument makes the real property the collateral securing performance on the note. A creditor can enforce a note as an unsecured debt without the security interest. But apart from very peculiar circumstances,[1] the security interest has little meaning without the note — the current holder of the promissory note is entitled to enforce the

---

[1] A peculiar circumstance existed in *Holden*: the debtor had a note discharged in bankruptcy, but the bankruptcy did not extinguish the mortgage lien on the secured property. The mortgage lien holder at the time the action commenced "had standing to foreclose on the property and the right to collect the deficiency on the note from the proceeds of the foreclosure sale." *Holden* at ¶ 3. The Supreme Court characterized the case as both an "outlier" and "unique." *Id.* at ¶ 6.

mortgage lien. This rule incorporates the common law maxim that "the security follows the debt," a rule now codified in the Uniform Commercial Code. *See* R.C. 1309.203(G) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien.").

{¶10} In *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, we stated:

> When a person signs a promissory note, that person incurs the obligation contained in R.C. 1303.52(B) that the instrument will be paid to a person entitled to enforce the note. A "person entitled to enforce" an instrument is, among other things, a "holder" of an instrument. *See* R.C. 1303.31(A)(1). A "holder" of a note is any person in possession of a negotiable instrument that is payable to a bearer. *See* R.C. 1301.201(B)(21)(a).

*Id*. at ¶ 13.

{¶11} If the note is indorsed in blank, it becomes bearer paper, meaning that anyone who possesses the note is a "holder" of the note. A person in possession of a note indorsed in blank is automatically a person entitled to enforce the note, irrespective of how the person came into possession of the note. *See* R.C. 1303.25(B); *Froimson* at ¶ 14.

{¶12} The undisputed facts show that the promissory note issued by the Primeses was indorsed in blank and that the bank was in physical possession of the note by way of foreclosure counsel for litigation purposes. The Primeses offered no evidence to dispute possession. As the holder of a note indorsed in blank, the bank satisfied all the

requirements to be considered a person entitled to enforce the note. Because Ohio follows the rule that the security follows the debt, "the physical transfer of the note indorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657*,* at ¶ 65; *JP Morgan Chase Bank v. Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, ¶ 42. This equitable assignment of the mortgage makes immaterial the Primeses' standing arguments about the actual assignment of the mortgage. *Deutsche Bank Natl. Trust Co. v. Baxter*, 8th Dist. Cuyahoga No. 104585, 2017-Ohio-1364, ¶ 23 (question whether mortgage was properly assigned is "immaterial" because "the physical transfer of a note indorsed in blank constitutes an equitable assignment of the mortgage."). The bank had standing to foreclose on the note irrespective of any assignment of the mortgage.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR
: