[Cite as *Beair v. Mgt. & Training Corp.*, 2021-Ohio-4110.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

SCOTT D. BEAIR,

        CASE NO. 9-21-07

    PLAINTIFF-APPELLANT,

    v.

MANAGEMENT & TRAINING CORP.,        **O P I N I O N**

    DEFENDANT-APPELLEE.

---

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 2019 CV 628**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  November 22, 2021**

---

APPEARANCES:

    *Adam Houser* **for Appellant**

    *Kenneth E. Smith* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Scott D. Beair ("Beair") appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court erred in granting the Defendant-Appellee Management & Training Corporation's ("MTC") motion for summary judgment. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} In December 2011, Beair had surgery on his back to "address bulging and/or herniated cervical discs * * *." Doc. 1. In January of 2012, Beair was incarcerated in the North Central Correctional Center ("NCCC"). Doc. 1, 19. At this time, MTC had a contract with Ohio Department of Rehabilitation and Correction ("ODRC") to operate NCCC. Doc. 1, 19. In December of 2013, Beair had another surgical procedure performed on his back. Doc. 1, 19. Beair alleges that his back issues required ongoing care during the term of his incarceration. Doc. 1, 23. On December 18, 2014, Beair was released from NCCC. Doc. 1, 19.

{¶3} On December 30, 2014, Beair filed a complaint ("December 30, 2014 Complaint") with the Marion County Court of Common Pleas ("trial court") that named MTC; the ODRC; the Warden at NCCC; and five John Does as defendants. Doc. 31; 20, Ex. 1-A. Beair alleged that the defendants failed to ensure that he received proper medical care during his term of incarceration in NCCC. Doc. 20, Ex. 1-A. He raised a negligence claim; a negligence in hiring, training, and

supervising claim; a gross negligence claim; an Eighth Amendment claim; and a punitive damages claim.[1]  Doc. 20, Ex. 1-A.

{¶4} On June 22, 2015, this case was removed to the United States District Court for the Northern District of Ohio ("Federal District Court").  Doc. 31; 20, Ex. 1-B.  On July 5, 2015, Beair filed an amended complaint with the Federal District Court ("July 5, 2015 Amended Complaint") that named MTC; Management & Training Corporation Medical, LLC ("MTC Medical"); and five John Does as defendants.  Doc. 20, Ex. 1-B.  MTC Medical was "a subsidiary corporation of defendant MTC, and operate[d] the medical facility located at NCCC."  Doc. 20, Ex. 1-B.  The five "John Does * * * [were] employees, staff, agents and/or medical personnel hired and/or employed by defendants MTC and [MTC] Medical * * *."  Doc. 20, Ex. 1-B.

{¶5} In the July 5, 2015 Amended Complaint, Beair raised an Eighth Amendment claim; a Fourteenth Amendment claim; a negligence claim; and a claim for punitive damages.  Doc. 20, Ex. 1-B.  As part of his negligence claim, Beair alleged that "MTC, [MTC] Medical and [the John] Does fail[ed] to provide * * * timely, adequate medical care, treatment and services * * *."  Doc. 20, Ex. 1-B.  In response, MTC filed a motion to dismiss.  Doc. 20, Ex. 1-C.

---

[1] There was one additional claim in this initial complaint.  Doc. 20, Ex. 1-A.  However, the tenth page of the complaint is missing in the filing made with MTC's motion for summary judgment.  Doc. 20, Ex. 1-A.  Thus, we cannot determine the exact claim that was raised on this page.

**{¶6}** On January 19, 2016, the Federal District Court issued an order ("January 19, 2016 Order") deciding MTC's motion to dismiss. Doc. 20, Ex. 1-C. The Federal District Court addressed two main arguments that MTC had asserted against Beair's negligence claims. Doc. 20, Ex. 1-C. MTC argued (1) that Beair had, in fact, raised a medical claim in this action but had failed to file an affidavit of merit as required by Ohio Civ.R. 10(D)(2); and (2) that Beair's allegations of negligence were conclusory. Doc. 20, Ex. 1-C.

**{¶7}** The Federal District Court determined that Beair's allegations did, in fact, include a medical claim. Doc. 20, Ex. 1-C. However, the Federal District Court found that Beair was not required to file an affidavit of merit pursuant to Ohio Civ.R. 10(D)(2) in federal court. Doc. 20, Ex. 1-C. The Federal District Court then found that MTC's "argument that Beair's negligence claim is conclusory lacks merit." Doc. 20, Ex. 1-C. The Federal District Court dismissed the Eighth Amendment claim, the Fourteenth Amendment claim, and the punitive damages claim.[2] Doc. 31; 20, Ex. 1-C. However, the trial court denied MTC's motion to dismiss as to the negligence claim. Doc. 20, Ex. 1-C.

**{¶8}** On October 2, 2018, Beair voluntarily dismissed the remaining claims pursuant to Fed.R.Civ.P. 41(A)(1)(a). Doc. 20, 31. On October 1, 2019, Beair filed a complaint ("October 1, 2019 Complaint") against MTC with the Marion County

---

[2] The Eighth Amendment claim and the punitive damages claim were dismissed without prejudice. Doc. 20, Ex. 1-C. The Fourteenth Amendment claim was dismissed with prejudice. Doc. 20, Ex. 1-C.

Court of Common Pleas. Doc. 1. Beair raised claims of negligence; gross negligence; and negligence in hiring, training, and supervising. Doc. 1. On November 20, 2019, MTC filed a Civ.R. 12(B)(6) motion to dismiss. Doc. 4. On February 14, 2020, the trial court granted MTC's motion to dismiss. Doc. 12.

{¶9} Beair appealed the trial court's decision to grant MTC's motion to dismiss. Doc. 14. On July 27, 2020, this Court, in an accelerated opinion, reversed the trial court's decision to grant MTC's motion to dismiss. Doc. 16. We concluded that, "at *this* stage of the proceedings it is too early to state, *merely based on the face of the complaint*, that there is no set of facts under which Beair could recover." (Emphasis sic.) Doc. 16. We then remanded this case to the trial court. Doc. 16.

{¶10} On November 4, 2020, MTC filed a motion for summary judgment. Doc. 20. MTC argued that the negligence claims in Beair's October 1, 2019 Complaint were, in fact, medical claims. Doc. 20. MTC argued these medical claims should be dismissed because Beair failed to file an affidavit of merit with these medical claims in compliance with Ohio Civ.R. 10(D)(2). Doc. 20.

{¶11} Further, MTC pointed to the fact that the Federal District Court had determined, in its January 19, 2016 Order, that Beair had raised a medical claim in his July 5, 2015 Amended Complaint. Doc. 20. On this basis, MTC then argued that the issue of whether Beair was raising negligence claims or medical claims had been previously litigated and that Beair was, therefore, precluded from "argu[ing] that his negligence claims are not true medical claims * * *." Doc. 20.

{¶12} On February 3, 2021, the trial court issued its judgment entry. Doc. 31. The trial court found that the issue of whether Beair's negligence claim was, in fact, a medical claim had been litigated by the Federal District Court and that the doctrine of res judicata was, therefore, applicable. Doc. 31. The trial court then determined that, notwithstanding the applicability of res judicata in this case, Beair's negligence claim "would still fit the definition of a medical claim on the facts." Doc. 31.

{¶13} On the basis of these conclusions, the trial court determined that Beair (1) had failed to file an affidavit of merit as required by Ohio Civ.R. 10(D)(2); and (2) that "all claims" raised by Beair in his October 1, 2019 Complaint were barred by the statute of repose for medical claims. Doc. 31. The trial court granted MTC's motion for summary judgment and dismissed all of Beair's claims. Doc. 31.

{¶14} Beair filed his notice of appeal on March 3, 2021. On appeal, he raises the following four assignments of error:

**First Assignment of Error**

**The trial court decision violated appellant's due process rights when it misinterpreted the federal court order regarding res judicata.**

**Second Assignment of Error**

**The trial court decision was against the manifest weight of the evidence when it misconstrued appellant's negligence claim as a medical malpractice claim instead of a non-medical negligence claim.**

**Third Assignment of Error**

**The trial court decision misconstrued the inferences of appellant's complaint and the federal court decision and is against the manifest weight of the evidence in violation of Ohio Civil Rule 56.**

**Fourth Assignment of Error**

**The trial court decision relying on the statute of limitations misinterpreted Ohio law and violated appellant's due process rights when it applied the statu[t]e of limitations to a timely refiled complaint.**

Since Beair's four assignments of error ultimately challenge the trial court's decision to grant summary judgment to MTC, we will begin by setting forth the general legal standard for summary judgment.

Legal Standard for Summary Judgment

{¶15} "Appellate courts consider a summary judgment order under a de novo standard of review." *Schmidt Machine Company v. Swetland*, 3d Dist. Wyandot No. 16-20-07, 2021-Ohio-1236, ¶ 23, citing *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. According to the Ohio Rules of Civil Procedure,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made,**

-7-

> **that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). Thus, summary judgment is to be granted

> **only when it is clear '(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'**

*State ex rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, 172 N.E.3d 143, ¶ 8, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47 (1978).

{¶16} Initially, "[t]he party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 370, 1998-Ohio-389, 696 N.E.2d 201, 204 (1998). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Neal v. Treglia*, 2019-Ohio-3609, 144 N.E.3d 1045, ¶ 12 (3d Dist.), quoting *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13. "Where * * * the moving party does not satisfy its initial burden under Civ.R. 56, the motion for summary judgment must be denied." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 1996-Ohio-107, 662 N.E.2d 264, 276 (1996).

{¶17} If the moving party carries this initial burden, "[t]he burden then shifts to the party opposing the summary judgment." *Bates Recycling, Inc. v. Conaway*, 2018-Ohio-5056, 126 N.E.3d 341, ¶ 11 (3d Dist.), quoting *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

{¶18} "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138, 140 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.). Thus, on "appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion." *Hamilton v. Hector*, 117 Ohio App.3d 816, 820, 691 N.E.2d 745, 747 (3d Dist. 1997), quoting *Campbell v. Hosp. Motor Inns, Inc.*, 24 Ohio St.3d 54, 58, 493 N.E.2d 239, 242 (1986).

*First Assignment of Error*

{¶19} Beair argues that the trial court incorrectly relied on the Federal District Court's January 19, 2016 Order to conclude that he could not assert negligence claims in his October 1, 2019 Complaint.

Legal Analysis

**{¶20}** In its motion for summary judgment, MTC asserted that the negligence claims in Beair's complaint were, in fact, medical claims. Doc. 20. MTC pointed to the fact that the Federal District Court, in its January 19, 2016 Order, had concluded that the allegations in Beair's July 5, 2015 Amended Complaint included a medical claim. Doc. 20, Ex. 1-C. MTC argued that the issue of whether Beair was raising a negligence claim or a medical claim had been previously litigated and that res judicata, therefore, precluded Beair from arguing that he had raised negligence claims, not medical claims, in his October 1, 2019 Complaint.

**{¶21}** MTC then argued that Beair had failed to file an affidavit of merit with the medical claims in his October 1, 2019 Complaint as required by Ohio Civ.R. 10(D)(2). Doc. 20. *See Jackson v. Northeast Pre-Release Ctr*., 10th Dist. Franklin No. 09AP-457, 2010-Ohio-1022, ¶ 13 ("Ohio Civ.R. 10(D)(2) requires that every complaint which contains a medical claim, as defined in R.C. 2305.113, must be accompanied by an affidavit of merit."). On this basis, MTC argued that the trial court should dismiss Beair's complaint. Doc. 20.

**{¶22}** Further, medical claims are also subject to a four-year statute of repose. R.C. 2305.113(C). *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 9, quoting Black's Law Dictionary 1707 (11th Ed.2019) ("A statute of repose * * * bars 'any suit that is brought after a specified time since

the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury.'").

**{¶23}** In its judgment entry, the trial court determined that the issue of whether Beair had raised negligence claims or medical claims had been "litigated and [that] res judicata applie[d]." Doc. 31. The trial court then concluded that Beair had failed to file an affidavit of merit in compliance with Ohio Civ.R. 10(D)(2) and that "all claims" raised by Beair in his October 1, 2019 Complaint were barred by the statute of repose for medical claims.[3] Doc. 31. On these bases, the trial court granted MTC's motion for summary judgment. Doc. 31.

**{¶24}** On appeal, Beair argues that, "for the doctrine of res judicata to apply, the Federal Court Order must be a final order where the issue or claim was decided on the merits." Appellant's Brief, 12.

> **The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).** *See Whitehead v. Gen. Tel. Co.* **(1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10 [(*overruled in part by Grava v. Parkman Twp*., 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226, 229 (1995)]; *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062; 46 American Jurisprudence 2d (1994) 780, Judgments, Section 516.**

---

[3] Beair was released from NCCC on December 18, 2014 and filed his initial complaint on December 30, 2014. Doc. 1. He voluntarily dismissed his remaining claims from the Federal District Court on October 2, 2018. Doc. 31. He refiled his complaint on October 1, 2019 within the one-year period permitted under the saving statute but almost five years after his release from NCCC. Doc. 1. The trial court noted that the Ohio Supreme Court, in *Wilson v. Durrani, supra*, held that "[e]xpiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Durrani, supra*, at ¶ 38. Doc. 31. For this reason, the trial court concluded that the statute of repose barred Beair from raising any medical claims that arose during his term of incarceration in NCCC that ended on December 18, 2014. Doc. 31.

*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226, 228 (1995). Generally, "claim preclusion precludes relitigation of the same cause of action * * *." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.32d 294, ¶ 17 (10th Dist.).

> **The doctrine of * * * issue preclusion[] precludes further action on an identical issue that has been actually litigated and determined *by a valid and final judgment* as part of a prior action among the same parties or those in privity with those parties. *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74, 6 O.O.3d 274, 276, 369 N.E.2d 776, 777; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978, paragraph one of the syllabus.**

(Emphasis added.) *State v. Williams*, 76 Ohio St.3d 290, 294, 1996-Ohio-408, 667 N.E.2d 932, 935 (1996).

{¶25} In its January 19, 2016 Order, the Federal District Court denied MTC's motion to dismiss as to Beair's negligence claims. Doc. 20, Ex. 1-C. Subsequently, Beair voluntarily dismissed his remaining claims without prejudice on October 2, 2018. Doc. 20, Ex. 1-C; 31.

> **It is axiomatic that a dismissal without prejudice is not an adjudication on the merits and therefore not a final appealable order. *Lovins v. Kroger Co.*, 150 Ohio App.3d 656, 782 N.E.2d 1171 (2d Dist. 2002). "Because res judicata only applies to 'valid, final judgments,' an order must be final and appealable to preclude further litigation of the issue." *Fifth Third Mtge. Co. v. Goodman Realty Corp.*, 3d Dist. Hancock No. 5-08-30, 2009-Ohio-81, 2009 WL 57577, ¶ 20. "'A dismissal without prejudice leaves the parties as if no action had been brought at all.'" *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999),**

**quoting *De Ville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959).**

*Deutsche Bank National Trust Company v. Baxter*, 2017-Ohio-1364, 89 N.E.3d 91, ¶ 22 (8th Dist.). *See also* 50 Corpus Juris Secundum, Judgment, Section 798, at 362-363 (1997) ("A judgment dismissing an action 'without prejudice' is not conclusive as to any issues joined, and does not constitute either res judicata or collateral estoppel."). In the absence of "a valid and final judgment," issue preclusion does not operate to prevent Beair from pleading non-medical negligence claims in his October 1, 2019 Complaint. *Williams* at 294.

{¶26} However, even if the doctrine of issue preclusion were applicable in this situation, the Federal District Court's January 19, 2016 Order would still not prevent Beair from pleading non-medical negligence claims in his October 1, 2019 Complaint. To rule on MTC's motion to dismiss, the Federal District Court had to determine whether Beair was required to file an affidavit of merit pursuant to Ohio Civ.R. 10(D)(2). Doc. 20, Ex. 1-C. The Federal District Court concluded that Beair's complaint *included* a medical claim but then determined that Beair was not required to follow Ohio Civ.R. 10(D)(2) in federal court. Doc. 20, Ex. 1-C.

{¶27} But immediately after this Ohio Civ.R. 10(D)(1) analysis, the Federal District Court considered whether Beair's "*negligence* claim [was] * * * conclusory and lack[ed] merit" as MTC had argued in its motion to dismiss. Doc. 20, Ex. 1-C. (Emphasis added.) The January 19, 2016 Order states that

**Beair has adequately alleged the Doe defendants breached their duty of care by delaying necessary follow-up care and ignoring doctors' order re. Beair's access to medications and physical therapy. The complaint also alleges in plausible, non-conclusory terms, these breaches caused Beair physical and emotional harm.**

Doc. 20, Ex. 1-C. Thus, the Federal District Court concluded that Beair had "adequately alleged" his negligence claims. Doc. 20, Ex. 1-C. The Federal District Court then stated that MTC could "be vicariously liable for the negligence of the Doe defendants" and denied MTC's motion to dismiss "as to the *negligence* claim * * *." (Emphasis added.) Doc. 20, Ex. 1-C. Thus, the Federal District Court did not proceed as though Beair had only raised medical claims.

{¶28} In its January 19, 2016 Order, the Federal District Court's analysis addressed some of the "breaches" of care alleged by Beair as medical claims while addressing others as negligence claims. Doc. 20, Ex. 1-C. This is evident in the way that the Federal District Court determined that Beair's negligence claims were not conclusory; stated that MTC could be vicariously liable for negligence; and denied the motion to dismiss as to his negligence claim. Doc. 20, 1-C. In sum, a Federal District Court order that concluded Beair raised medical claims *and* "adequately alleged" negligence claims in his July 5, 2015 Amended Complaint would not preclude Beair from pleading non-medical negligence claims in his October 1, 2019 Complaint.

{¶29} Having reviewed the record in a light most favorable to Beair, we conclude that MTC did not, as to its arguments based on issue preclusion, carry the

burden of establishing that it was entitled to judgment as a matter of law. Since the January 19, 2016 Order was not a "valid and final judgment," the trial court erred in determining that issue preclusion prevented Beair from pleading non-medical negligence claims in his October 1, 2019 Complaint. *Williams, supra*, at 294. Further, even if issue preclusion were applicable herein, the January 19, 2016 Order would still not prevent Beair from pleading non-medical negligence claims in this action. Thus, Beair's first assignment of error is sustained.

*Second Assignment of Error*

{¶30} Beair argues that the trial court erred in independently determining that he did not raise negligence claims in his October 1, 2019 Complaint.

Legal Analysis

{¶31} Under the first assignment of error, we determined that the Federal District Court's January 19, 2016 Order does not preclude Beair from arguing that he raised a negligence claim in his October 1, 2019 Complaint. However, in its judgment entry, the trial court also determined that Beair's "claims are medical claims on the merits * * *." Doc. 31. Since the trial court dismissed "all [of Beair's] claims under the four-year statute of repose" for medical claims, we turn to examining whether the trial court was correct in concluding that all of Beair's negligence claims were, in fact, medical claims. Doc. 31.

{¶32} The Ohio Revised Code defines a "medical claim" in R.C. 2305.113(E), which reads, in its relevant part, as follows:

-15-

**'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. * * ***

R.C. 2305.113(E)(3). Based on the "plain and unambiguous" wording of this statute, the Supreme Court of Ohio held that

**a medical claim under R.C. 2305.113(E)(3) is a claim that both (1) arises out of the medical diagnosis, care, or treatment of any person and (2) is asserted against one or more of the statutorily enumerated medical providers.**

*Estate of Stevic v. Bio-Med. Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 16, 19. "If either requirement is not met, no medical claim exists." *Notario v. American National Red Cross*, S.D. Ohio No. 2:20-CV-6034, 2021 WL 3738895, *2 (Aug. 24, 2021).

{¶33} In his December 30, 2014 Complaint and his July 5, 2015 Amended Complaint, Beair alleged that various employees of MTC had committed breaches of their duties of care. Doc. 20, Ex. 1-A, 1-B. These listed employees included, but were not limited to, "medical personnel." Doc. 20, Ex. 1-A, 1-B. Beair also named MTC Medical as a defendant in his July 5, 2015 Amended Complaint. Doc. 20, Ex. 1-B.

-16-

**{¶34}** In his October 1, 2019 Complaint, Beair alleges a number of the same breaches of duty that he did in his December 30, 2014 Complaint and his July 5, 2015 Complaint. Doc. 1; 20, Ex. 1-A, 1-B. He averred that "staff, employees, and/or agents" of MTC breached their duties of care in each of his three complaints. Doc. 1; 20, Ex. 1-A, 1-B. However, he does not mention "medical personnel" in his October 1, 2019 Complaint. Doc. 1. Beair also did not assert any claims against an "enumerated medical provider[] * * *" in the text of his October 1, 2019 Complaint. *Estate of Stevic, supra*, at ¶ 18. Further, MTC Medical is not named as a defendant. Doc. 1.

**{¶35}** However, in his response to MTC's 12(B)(6) motion to dismiss, Beair did state that that "[t]he staff at MTC of concern are nurses, schedulers, supervisors, and the like." Doc. 9. The alleged breaches of duty committed by the nurses could qualify as medical claims if any of the implicated nurses qualify as a "licensed practical nurse, registered nurse, [or] advanced practice registered nurse" and the alleged breaches arose from Beair's "medical diagnosis, care, or treatment * * *." R.C. 2305.113(E)(3).[4] If these the alleged breaches do qualify as medical claims

---

[4] The record, in this regard, is meager. In its motion for summary judgment, MTC relied almost entirely on the Federal District Court's January 19, 2016 Order to argue that issue preclusion prevented Beair's from arguing he raised negligence claims, not medical claims. Doc. 20. MTC did not attempt to establish that Beair's negligence claims were, in fact, medical claims by arguing or establishing that the alleged breaches of duty were committed by enumerated medical providers in the course of Beair's medical diagnosis, care, or treatment. *Estate of Stevic, supra*, at ¶ 19. For this reason, there is very little evidence in the record as to who committed the alleged breaches and which of these alleged breaches were committed in the course of medical diagnosis, care, or treatment. *See Lerner v. Braodview NH, LLC*, 2017-Ohio-8001, 98 N.E.3d 1014 (10th Dist.) (distinguishing between medical care and general care).

under R.C. 2305.113(E)(3), the statute of repose in R.C. 2305.113(C) would bar them. *Durrani, supra*, at ¶ 38.

{¶36} However, in this motion, Beair also pointed to alleged breaches of duty that were committed by "schedulers, supervisors, and the like." Doc. 9. While he admitted the possibility that some of his allegations "could be construed as medical" claims, he identified allegations that raised common law negligence claims. Doc. 9. He stated the following:

> **Defendant fail[ed] in its duty to make medical appointments for plaintiff resulted in Mr. Beair: 1) not having access to the necessary neurosurgeon at UTMC [the University of Toledo Medical Center]; 2) not having access to necessary physical therapy; 3) and, Beair, several times, being transported to UTMC for scheduled appointments with his neurosurgeon but due to defendant's staff failing to ensure Beair's prison medical records accompanied him to appointments, the neurosurgeon would not meet with him.**

Doc. 9. Beair also pointed to the fact that he had alleged that

> **the policies and procedures promulgated and implanted [sic] [by MTC] failed to ensure Plaintiff received timely and adequate medical care and treatment for serious medical needs. This is evidenced by Plaintiff having to repeatedly file grievances and appeals in order to secure necessary medical care.**

Doc. 9, citing Doc. 1. Subsequently, Beair identified the following negligence claims in its arguments to the trial court:

> **[MTC's] employees conduct and/or failure to comply with basic ODRC policies, procedures, and/or protocol caused plaintiff * * * harm: i) by not allowing appellant access to needed physical therapy; ii) by transporting appellant to his neurosurgeon appointments in Toledo but appellant missed the appointment**

**because appellee's employees failed to bring with them appellant's necessary prison medical records; iii) by failing to schedule needed follow-up appointments at UTMC for both, missed appointments and requested ones by the neurosurgeon; iv) by ignoring and/or not responding to Plaintiff's repeated requests for said care and treatment and his complaints \* \* \*.**

Doc. 29. These filings and allegations indicate that Beair has asserted claims against MTC employees, such as "schedulers [and] supervisors" who do not appear to be medical providers that are enumerated in R.C. 2305.113(E). Doc. 9. For this reason, it is not evident from the record before us that Beair raised medical claims, not negligence claims, in alleging that these MTC employees breached their duties of care.

{¶37} In its judgment entry, the trial court concluded that "*all* claims" raised by Beair were barred by the statute of repose for medical claims. (Emphasis added.) Doc. 31. As we have previously noted, the alleged breaches of duty committed by the nurses employed by MTC may qualify as medical claims to which the statute of repose in R.C. 2305.113(C) is applicable. However, the record before us does not establish that Beair did not raise *any* negligence claims and that *all* of his claims are, therefore, subject to the statute of repose for medical claims.

{¶38} In conclusion, we do not make any decision regarding the ultimate merits of Beair's claims. In this assignment of error, our essential task was to determine whether the trial court erred in determining that "all" of Beair's negligence claims were, in fact, medical claims that were barred by the statute of

repose in R.C. 2305.113(C). Doc. 31. Having reviewed the materials in the record in a light most favorable to Beair, we cannot conclude from the record before us that he did not raise any non-medical negligence claims in his October 1, 2019 Complaint.

{¶39} Since the record does not establish that all of Beair's negligence claims are, in fact, medical claims, granting summary judgment as to "all claims" on the basis of the statute of repose in R.C. 2305.113(C) was not appropriate at this stage of this litigation. Doc. 31. Similarly, the failure to provide an affidavit of merit in compliance with Ohio Civ.R. 10(D)(2) did not provide the trial court with a basis to dismiss any of Beair's non-medical negligence claims at this stage in this litigation. Since the record does not establish that MTC is entitled to judgment as a matter of law on these bases, Beair's second assignment of error is sustained as to any non-medical negligence claims.

*Third Assignment of Error*

{¶40} Beair argues that the trial court erred in dismissing his claim against MTC for negligence in hiring, training, and supervising its employees.

Legal Analysis

{¶41} In this assignment of error, Beair largely reasserts the arguments that he raised against the trial court's conclusion that his non-medical negligence claims were, in fact, medical claims. However, he now uses these arguments primarily to assert that the trial court erred in dismissing his claim of negligence in hiring,

training, and supervising. In his October 1, 2019 Complaint, Beair alleged that

MTC

> **was negligent in its training and/or supervising its staff, agents, and/or employees as the policies, protocol, and/or procedures relied upon by [MTC's] * * * employees failed to ensure medical appointments were timely made; medical records accompanied Beair to the neurosurgeon's appointments; medical appointments were not delayed or missed due to errors by [MTC's] * * * staff.**

Doc. 1. In its judgment entry, the trial court dismissed "*all claims*" pursuant to "the four year statute of repose" for medical claims. (Emphasis added.) Doc. 31. Thus, Beair's negligence in hiring, training, and supervising claim was dismissed pursuant to the statute of repose for medical claims.

{¶42} However, we concluded in the first and second assignments of error that the record does not establish, at this point, that Beair has only raised medical claims. His negligence in hiring, training, and supervising arise from similar allegations to those negligence claims examined under the second assignment of error. Following the reasoning in our analysis of the second assignment of error, we conclude that the statute of repose for medical claims does not provide an appropriate basis for dismissing Beair's claims of negligence in hiring, training, and supervising in their entirety at this juncture in this litigation.

{¶43} Having reviewed the evidence in the record in a light most favorable to Beair, we conclude that the trial court erred in determining that Beair's claim of negligence in hiring, training, and supervising was barred by the statute of repose

for medical claims and in granting summary judgment to MTC on this basis. Since the record does not establish that MTC is entitled to judgment as a matter of law on this claim at this time, Beair's third assignment of error is sustained.

*Fourth Assignment of Error*

{¶44} Beair argues that the trial court erred in applying the statute of limitations for medical claims in this case.

Legal Analysis

{¶45} After concluding that Beair's negligence claims were, in fact, medical claims, the trial court, in its judgment entry, applied the one-year statute of limitations for medical claims to this case. Doc. 31. *See* R.C. 2305.113(A). Thus, the trial court stated the following in its judgment entry:

> **In conclusion, all claims alleged more than one year before December 30, 2014 are barred by the statute of limitations. Those claims within one year of December 30, 2014 would survive summary judgment if they were not independently barred.**

Doc. 31. However, under the first and second assignments of error, we determined that the record does not, at this juncture, establish that Beair has not raised any non-medical negligence claims. For this reason, the record before us does not support the application of the statute of limitations for medical claims to "all claims alleged" by Beair. Doc. 31. Inasmuch as the trial court applied the statute of limitations for medical claims to claims that are not discernibly medical claims based on the evidence currently in the record, his fourth assignment of error is sustained.

*Conclusion*

**{¶46}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is reversed. This cause of action is remanded to the trial court for further proceedings that are consistent with this opinion.

***Judgment Reversed***
***And Cause Remanded***

**MILLER and SHAW, J.J., concur.**

**/hls**